Nina Wasow (SBN 242047)
Daniel Feinberg (SBN 135983)
FEINBERG, JACKSON,
WORTHMAN & WASOW, LLP
2030 Addison Street, Suite 500
Berkeley, CA 94704
Telephone: (510) 269-7998
Facsimile: (510) 269-7994
Email: nina@feinbergjackson.com
         dan@feinbergjackson.com

*Attorneys for Plaintiff Pamela Ennis-Bailey*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA ENNIS-BAILEY, | Case No. |
| Plaintiff, | **COMPLAINT (ERISA)** |
| v. | |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, | |
| Defendant. | |

**JURISDICTION**

1. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). This Court has subject matter jurisdiction over Plaintiff's claims pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

**VENUE**

2. Venue lies in the Eastern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Teva Pharmaceuticals USA, Inc. Long Term Disability Plan (the "Plan"), under which Plaintiff seeks benefits, is administered in part in this District, and because Defendant Reliance Standard Life Insurance Company ("RSLI") may be found in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

**THE PARTIES AND THE PLAN**

3. At all relevant times, Plaintiff Ennis-Bailey ("Ms. Ennis-Bailey" or "Plaintiff") was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan. Ms. Ennis-Bailey resides in Bakersfield, California.

4. At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored by Teva Pharmaceuticals USA, Inc.

5. At all relevant times, the Plan offered long-term disability benefits to employees, including Plaintiff, through an insurance policy issued by RSLI, with the group policy number GL 162143. At all relevant times, RSLI was responsible for making decisions on claims under the Plan.

**FACTS**

**A.    The Plan's Definition of Disability.**

6. After the first 24 months of benefits, the Plan defines "Totally Disabled" to mean that the claimant is unable as a result of Injury or Sickness to "perform the material duties of Any Occupation." If the claimant can perform the material duties of Any Occupation but only on a part-time basis, or can only perform part of the material duties on a full-time basis, she is still

Totally Disabled.

7. "Any Occupation" means "an occupation normally performed in the national economy for which an Insured is reasonably suited based upon his/her education, training or experience."

**B.     Plaintiff is Disabled by Chronic Migraines.**

8. Ms. Ennis-Bailey began having migraines in 1996, but until 2018 they were infrequent and manageable with medications. The migraines got progressively worse from 2018 to 2020, when they became a near-daily occurrence.

9. Throughout the relevant time period, Ms. Ennis-Bailey has had more than 20 migraines per month, which cause constant, sharp, throbbing pain and are accompanied by aura, vertigo, nausea, vomiting, brain fog, and photophobia.

10. Although she has tried many medications for migraine, some of which worked for a time and then became ineffective and some of which never helped at all, Ms. Ennis-Bailey usually has to simply wait for the pain to go away. Sometimes her migraines last two to three days, and she will have to go to the doctor's office or urgent care for a cocktail of medications and injections for the pain and nausea.

11. Ms. Ennis-Bailey notes that migraines affect her vision, describing it as "swirling," which impacts her ability to drive. She spends most of her time at home. Even on a good day, she is only able to go to the grocery store (wearing sunglasses the entire time) or use her computer for 20-30 minutes. On a bad day, she has to lie down in a darkened room all day and avoid watching TV and using screens.

12. She also has cognitive issues due to her migraines. Her working memory is in the 4th percentile and processing speed is in the 8th percentile, and her full-scale IQ is in the 18th percentile (low average). Ms. Ennis-Bailey has been found to be moderately impaired in her ability to understand, remember, and carry out simple one or two-step instructions; and markedly impaired in her ability to carry out detailed and complex instructions, relate and interact with co-workers and the public, maintain concentration and attention, persistence and pace, and maintain regular attendance in the workplace and perform work activities on a consistent basis.

13. When she has a migraine, Ms. Ennis-Bailey has difficulty with a range of activities including communicating effectively with others, preparing food, or engaging in sustained sitting, standing, writing, thinking, or use of a computer. This is in marked contrast to her day-to-day life before her migraines were so frequent: she used to be very energetic and hardworking, had a way with words and loved talking to people, and was able to handle working full-time, raising two sons as a single mother, and doing all of her own household tasks.

14. Ms. Ennis-Bailey's treating neurologist opined that she is not capable of regular attendance at any job because her migraines are so frequent and unpredictable. A vocational analyst noted her "minimal physical endurance" and very limited ability to use a computer or drive as obstacles to employment. He opined that Ms. Ennis-Bailey "clearly presents as someone who is significantly disabled," and he that she "is not placeable into any job based on her occupational profile and permanent work restrictions."

**C.    RSLI's Denial of Ms. Ennis-Bailey's Benefits.**

15. RSLI found Ms. Ennis-Bailey disabled from her own occupation and paid her LTD benefits from September 29, 2021 to September 29, 2023. RSLI terminated her benefits by letter dated July 6, 2023 on the ground that she did not meet the Plan's definition of disability beyond the 24-month mark.

16. Ms. Ennis-Bailey appealed RSLI's denial by letter dated November 20, 2023. The appeal pointed out that RSLI's denial was based on a single file review by an in-house nurse, and an employability analysis which relied on the nurse's conclusory opinions. Neither the nurse nor the vocational specialist ever examined or talked to Ms. Ennis-Bailey or her doctors. The nurse's opinion contained multiple factual inaccuracies and misapprehensions of the nature of migraines.

17. In addition, RSLI provided no explanation whatsoever for disagreeing with the Social Security Administration's conclusion that Ms. Ennis-Bailey is unable to perform any job available in the national economy, even though the Plan's standard of disability is less rigorous.

18. In response to Ms. Ennis-Bailey's appeal, RSLI had the claim reviewed by a doctor who found that "no objective physical or functional ongoing neurologic impairment is supported." But migraines are a neurological condition that in Ms. Ennis-Bailey's case do cause

impairment, and there is no objective test for migraines. Ms. Ennis-Bailey submitted headache diaries and office visit notes documenting her chronic daily migraines, as well as a vocational evaluation which discussed in detail how this would preclude her performance of her own or any other occupation. Moreover, Ms. Ennis-Bailey's treating neurologist responded that "[n]ormal examinations, testing and imaging are not in any way inconsistent with severe, chronic migraines. Ms. Ennis-Bailey's clinical presentation is typical for a patient with disabling migraines."

19. Nevertheless, RSLI denied Ms. Ennis-Bailey's appeal on July 1, 2024.

20. Plaintiff has exhausted her administrative remedies.

21. At all relevant times, Plaintiff has been disabled within the meaning of the Plan.

**CLAIM FOR RELIEF**
**(ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B))**
**(Claim for Benefits)**

22. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 19 as though fully set forth herein.

23. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

24. At all relevant times, Ms. Ennis-Bailey has been entitled to long-term disability benefits under the Plan for her disabling condition.

25. By denying Plaintiff's application for long-term disability benefits under the Plan, and by related acts and omissions, RSLI has violated, and continues to violate, the terms of the Plan and Ms. Ennis-Bailey's rights thereunder.

WHEREFORE, Plaintiff requests that judgment be entered in her favor and against Defendant as hereinafter set forth.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Declare that Defendant has violated the terms of the Plan by denying Ms. Ennis-Bailey's claim for long-term disability benefits from September 30, 2023, to the date of judgment;

B.   Order Defendant to pay long-term disability benefits to Plaintiff pursuant to the terms of the Plan from September 30, 2023, through the date judgment is entered herein, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

C.   Declare Plaintiff's right to receive future long-term disability benefit payments under the terms of the Plan;

D.   Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

E.   Provide such other relief as the Court deems equitable and just.

DATED: August 16, 2024                    Respectfully submitted,

                                          FEINBERG, JACKSON, WORTHMAN & WASOW LLP

                                           /s/ Nina Wasow
                                          Nina Wasow

                                          *Attorneys for Plaintiff*